**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　No. CR 10-0620 JEC

FRANCISCO JAVIER SOLORIO-MONDRAGON,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's Motion for Appointment of Counsel (Doc. 125). For reasons set out below, the Court will deny the motion.

    Defendant's motion asks the Court to appoint counsel to assist him in preparing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Supreme Court of the United States has addressed the question of prepetition appointment in a § 2254 proceeding attacking a capital sentence for a drug offense conviction. In *McFarland v. Scott*, 512 U.S. 849 (1994), the Court stated, "[21 U.S.C. ]§ 848(q)(4)(B) bestows upon <u>capital</u> defendants a mandatory right to counsel, including a right to preapplication legal assistance, that is unknown to other criminal defendants." *Id.* at 857 n.3 (emphasis added). And, as the Court of Appeals for the Tenth Circuit subsequently noted, "*McFarland* merely ensured indigent capital defendants the right to counsel established by § 848(q)(4)." *Moore v. Gibson*, 195 F.3d 1152, 1161 (10th Cir. 1999). Because Defendant does not have "a right to preapplication legal assistance," *McFarland*, 512 U.S. at 857 n.3, the Court will deny his motion.

    Furthermore, the Court will not construe Defendant's motion as a § 2255 motion. "Because noncapital defendants have no equivalent right to the appointment of counsel in federal habeas

corpus proceedings, . . . habeas corpus proceedings typically will be initiated by the filing of a habeas corpus petition." *McFarland*, 512 U.S. at 857 n.3. "[T]he denial by the district court of . . . a motion for the appointment of counsel . . . would constitute an appealable case. This does not imply, however, that the [Defendant's § 2255] case has been initiated by the filing of such a preliminary motion." *Williams v. Coyle*, 167 F.3d 1036, 1040 (6th Cir. 1999), *quoted in Moore v. Gibson*, 195 F.3d at 1163; *and see Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002) ("[W]e rejected the contention that a motion to stay execution or a motion to appoint counsel initiates a habeas corpus proceeding."). The Court will deny Defendant's motion for appointment of counsel without prejudice to his rights under § 2255.

      IT IS THEREFORE ORDERED that Defendant's motion for appointment of counsel (Doc. 125) is DENIED, and the Clerk is directed to enter Defendant's current address (Doc. 125) on the docket and send a copy of this Order to him at the new address.

                                              _____
                                              JOHN EDWARDS CONWAY
                                              SENIOR UNITED STATES DISTRICT JUDGE